**Hamidou THIAW, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 03–3860.**

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Deborah Misir, Washington, DC, for Respondent.

Before SUHRHEINRICH and CLAY, Circuit Judges;  NIXON, District Judge.*

*ORDER*

Hamidou Thiaw, a native and citizen of Mauritania, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's

* The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

decision denying his application for asylum and withholding of removal. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 1999, Thiaw was admitted into the United States as a non-immigrant visitor for a period of time not to extend beyond March 17, 2000. He remained in the country beyond the designated time, and the Immigration and Naturalization Service commenced removal proceedings against him on that basis.

Thiaw admitted to the charge against him and conceded removability. He declined to designate a country of removal, and the immigration judge ("IJ") designated Mauritania. Thiaw applied for asylum, withholding of removal, and voluntary departure and sought relief under the United Nations Convention Against Torture. At the removal hearing, Thiaw testified about alleged instances of past persecution in Mauritania and his fear of future persecution should he return. The IJ found that Thiaw's testimony was generally credible, but denied the application for asylum and withholding of removal and relief under the Torture Convention, finding that Thiaw's testimony did not demonstrate an objectively reasonable fear of future persecution and conflicted with the State Department's Country Report on conditions in Mauritania. The IJ granted Thiaw voluntary departure. On appeal, the BIA affirmed the IJ's decision without opinion.

The BIA may properly affirm a decision by the IJ without issuing an opinion. *Denko v. INS*, 351 F.3d 717, 729 (6th Cir.2003). Moreover, the IJ's decision was supported by substantial evidence, *Daneshvar v. Ashcroft*, 355 F.3d 615, 624 (6th Cir.2004), and Thiaw has presented no compelling evidence sufficient to warrant reversal of the BIA's order. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003).

Because Thiaw cannot establish eligibility for asylum, he cannot satisfy the more stringent burden required to establish eligibility for withholding of removal. *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir.1998).

Because the IJ's decision, as affirmed by the BIA, was supported by substantial evidence, we deny the petition for review.